LEO RUSSO, Respondent, v. BERT FERRENTINO, Appellant.— Judgment modified by striking out paragraph 1 and inserting in lieu thereof the following: The plaintiff shall deposit in escrow with Joseph F. Ruggieri, Esq., the sixty-five shares of

stock purchased by him from the defendant, as provided in the agreement annexed to the complaint, within three days from the date of the entry of the judgment as modified; or at his option to pay forthwith to the defendant $1,643.85, and execute and deliver sixty promissory notes in the sum of $60, bearing interest at the rate of five per cent, the first of which matures one month after the delivery and transfer of said shares of stock, and monthly thereafter until the sum of $3,643.85 is fully paid; and the execution and delivery of a third mortgage on the real property owned by the Fortway Laundry, Inc., and a chattel mortgage covering the machinery and equipment of the Fortway Laundry, Inc., for a like amount to the defendant Bert Ferrentino. Contemporaneously with the deposit in escrow and the payment of the money and the delivery of the notes and security aforesaid, the defendant shall release from the escrow agreement and cause to be delivered and transferred to the plaintiff the sixty-five shares of stock aforesaid; or in case of immediate payment and delivery of the notes and security in lieu of the deposit in escrow, the defendant shall make all necessary transfers of said stock to vest the title thereof in plaintiff. Paragraph 3 of the judgment is struck out and in lieu thereof there shall be inserted the following provision: That the defendant, Bert Ferrentino, is not to share in the profits or losses of the business conducted by the Fortway Laundry, Inc., commencing from the 23d day of June, 1933, to the date of the delivery of the shares of stock. The " thirteenth " finding of fact is amended by striking therefrom the word " wages." As so modified, the judgment is unanimously affirmed, without costs. The grounds for modification of the judgment are: 1. The provision for depositing the stock in escrow as provided in the agreement was admittedly omitted from the judgment through inadvertence. It may be an idle ceremony at this time to made such deposit if plaintiff makes payment and gives security as provided in the contract. 2. The question of wages was not a subject of controversy on the trial — whether or not the defendant is entitled to wages must be determined in some other action. 3. There was no issue presented by pleading or proof concerning any moneys received by defendant from the conduct of the business after June 23, 1933; and the direction to turn over " all moneys " so received has no basis. Such receipts, if any, must be the subject of another action, either by suit for an accounting, or in an action at law for the recovery thereof. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.